UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANSON GULF LLC                      CIVIL ACTION

VERSUS                          NO: 15-3627
                                  c/w 15-6860
MODERN AMERICAN RECYCLING      SECTION: "J"(2)
SERVICE INC. ET AL.

## ORDER

Before the Court is a *Motion to Dismiss Pursuant to FRCP 12(b)(1) & (6)* **(Rec. Doc. 23)** filed by Counterclaim-Defendant, Modern American Recycling Service Inc. ("MARS"), and an opposition thereto (Rec. Doc. 28) filed by Counterclaim-Plaintiffs, Angie LaFleur, individually and on behalf of her minor children, L.L., D.L., and B.L. and the Estate of James LaFleur (collectively "LaFleur Interests"). Also before the Court is a *Motion to File First Supplemental and Amending Answer to Modern American Recycling Services, Inc.'s Cross Claim and Counterclaim Against Modern American Recycling Services, Inc.* **(Rec. Doc. 30)** filed by the LaFleur Interests.

This litigation arises out of the death of James LaFleur. Manson Gulf LLC filed a complaint seeking exoneration from or limitation of liability on December 15, 2015. (No. 15-6860, Rec. Doc. 1.)[1] Manson Gulf alleges that it was the bareboat charterer

---

[1] This litigation comprises two consolidated cases: *Manson Gulf, LLC v. Modern American Recycling Service, Inc.*, No. 15-3627 (E.D. La. filed Aug. 18, 2015), and *In re Manson Gulf, L.L.C.*, No. 15-6860 (E.D. La. filed Dec. 15, 2015).

of the barge MARMAC 262. *Id.* at 1. The barge was being used to transport a decommissioned drilling platform to a salvage yard. On June 16, 2015, James LaFleur, an independent contractor working for MARS, was fatally injured when he fell through a hole in the drilling platform aboard the MARMAC 262. *Id.* at 2. The incident occurred in or near Gibson, Louisiana.

On December 22, 2015, the LaFleur Interests filed an answer and claim to the complaint of limitation. (No. 15-6860, Rec. Doc. 7.) Subsequently, MARS answered the complaint for limitation on February 29, 2016, and asserted a crossclaim against the LaFleur Interests. (Rec. Doc. 15.) Thereafter, on March 15, 2016, the LaFleur Interests answered the crossclaim and asserted a counterclaim against MARS. (Rec. Doc. 20.) In the counterclaim, the LaFleur Interests assert wrongful death and survival actions against MARS under the general maritime law and Louisiana Civil Code articles 2315, 2315.1, and 2315.2. *Id.* at 2.

MARS filed the instant *Motion to Dismiss Pursuant to FRCP 12(b)(1) & (6)* **(Rec. Doc. 23)** on April 5, 2016. The LaFleur Interests opposed the motion on April 21, 2016. On May 5, 2016, the LaFleur Interests filed the instant *Motion to File First Supplemental and Amending Answer to Modern American Recycling Services, Inc.'s Cross Claim and Counterclaim Against Modern*

---

Unless otherwise noted, citations to record documents refer to the master case, No. 15-3627.

*American Recycling Services, Inc.* **(Rec. Doc. 30)**, stating that MARS had been contacted and opposes the motion.

MARS contends that the counterclaim should be dismissed on the basis that Angie LaFleur is not "the real party in interest" under Rule 17(a), because LaFleur is not the decedent's personal representative. It is a well settled that only the personal representative of the decedent has standing to bring an action for wrongful death or survival under the general maritime law. *Tidewater Marine Towing, Inc. v. Dow Chem. Co.*, 689 F.2d 1251, 1253 (5th Cir. 1982). A "personal representative" is the court approved executor or administrator of the decedent's estate. *Calton v. Zapata Lexington*, 811 F.2d 919, 921 (5th Cir. 1987). The personal representative conducts the litigation and holds any recovery in trust for the beneficiaries. *See id.* at 922.

However, the Fifth Circuit has explained that this rule "does not cut off the right of the parties seeking recovery for the death of [the decedent] to obtain appointment of a personal representative and, thereafter, the filing by such personal representative of an amended claim growing out of the death of [the decedent] in the limitation of liability proceeding." *Tidewater*, 689 F.2d at 1253. "Substitution of the personal representative is essential and authorized." *Id.; see also* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after

3

an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). Substitution of the personal representative in place of the surviving spouse is not the commencement of a new suit. *Tidewater*, 689 F.2d at 1253-54. "The filing of the amended complaint (claim) relates back to the time of the original complaint (claim)." *Id.* at 1254 (citing Fed. R. Civ. P. 15(c)).

Here, the 23rd Judicial District Court, Parish of Assumption, State of Louisiana, confirmed Angie LaFleur as the Administratrix of the Succession of James Patrick LaFleur on April 7, 2016, three weeks after the counterclaim was filed and only two days after MARS filed its motion to dismiss. (Rec. Doc. 28-1.) Thereafter, the LaFleur Interests filed the motion to amend, solely for the purposes of alleging that Angie LaFleur was appointed as administratrix of the decedent's estate. In the interest of justice, the Court will grant the motion to amend and permit substitution of Angie LaFleur in her capacity as personal representative of the decedent's estate, with regard to the wrongful death and survival claims under general maritime law.[2]

_____

[2] MARS also appears to argue that the LaFleur Interests' state law claims are preempted by the general maritime law and the Longshore and Harbor Workers' Compensation Act ("LHWCA"). The applicability of the LHWCA's exclusivity provision presents an issue of federal preemption, which a defendant must plead and prove. *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012). Moreover,

4

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to File First Supplemental and Amending Answer to Modern American Recycling Services, Inc.'s Cross Claim and Counterclaim Against Modern American Recycling Services, Inc*. **(Rec. Doc. 30)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the *Motion to Dismiss Pursuant to FRCP 12(b)(1) & (6)* **(Rec. Doc. 23)** is **DENIED as moot.**

New Orleans, Louisiana, this 26th day of May, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

the general maritime law does not preclude the application of state statutes in cases involving the death of "nonseafarers" in state territorial waters. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 202 (1996).